UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES of AMERICA          :
                                  :         **ORDER DENYING TWO**
           -against-              :         **MOTIONS IN FULL, DENYING**
                                  :         **THIRD MOTION IN PART**
SAMUEL NESS,                      :         **AND REGULATING**
                                  :         **PROCEDURES**
           Defendant.             :
------------------------------------------------------x   01 Cr. 699 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant's case was remanded to me for further proceedings in conformity with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) in a mandate issued May 16, 2005.

Pursuant to the teachings of Crosby, I deny Defendant's motion for resentencing except as indicated below. In addition, I deny Defendant's motion (i) for bail during these proceedings and (ii) for my recusal.

Crosby, applying the Supreme Court's opinion in United States v. Booker, --- U.S. ----, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) ("Booker/Fanfan"), identified "several essential aspects of Booker/Fanfan that concern the selection of sentences":

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (I) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

Crosby, 397 F.3d at 113. The Court of Appeals expressly refrained from "prescrib[ing] any formulation a sentencing judge will be obliged to follow in order to demonstrate discharge of the duty to 'consider' the Guidelines." Id. Rather, it determined to "permit

1

the concept of 'consideration' in the context of the applicable Guidelines range to evolve as district judges faithfully perform their statutory duties." Id.

With these principles in mind, I have reviewed the proceedings before me prior to the appeal. The record reflects that subsequent to Defendant's conviction by a jury on May 15, 2003, I met with the parties twice for arguments and hearings on sentencing, on August 20, 2003 and November 18, 2003, and imposed sentence on February 13, 2004. The transcripts from those three proceedings, and the findings made at the sentencing itself, demonstrate the extensive and intensive process I undertook to determine the applicable Guidelines range in this case under the November 1, 2000 edition of the Guidelines Manual. Having done that which Crosby requires as a first step, and having made the requisite findings to perform a Guidelines analysis, I decline to revisit the Guidelines calculation arising from such findings.

Contrary to Defendant's argument, United States v. Fagans, 406 F.3d 138 (2d Cir. 2005) does not require that I re-do all that was accomplished. In Fagans, the Second Circuit, following Crosby, held that "[s]ince the Guideline calculation was correct, but the compulsory use of the Guidelines was erroneous, and Fagans preserved his objection to that error, we remand to the District Court with instructions to vacate the sentence and resentence in conformity with Booker and this opinion." Fagans, 406 F.3d at 142. This case was remanded to me for "further proceedings in conformity with Crosby," and not reversed for total resentencing. I intend to follow the teachings of Booker/Fanfan, Crosby and Fagans.

Clearly Crosby and Fagans are not inconsistent. Under both, as a next step, after considering the Guidelines and any applicable Policy Statement in the Guidelines, I am now required to consider a "just punishment" for Ness, in relation to all the factors

2

provided by 18 U.S.C. § 3553(a).  See Booker/Fan-Fan, 125 S. Ct. at 766 ("Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing.").

Defendant's submission of June 9, 2005 repeats all the objections and arguments that I considered, and ruled on, in prior sessions.  It fails to address the factors that I need now to address, except, perhaps, as part of a long and complex discussion of motions and argument that Defendant previously made and on which I have previously ruled.  I reject Defendant's submission as unresponsive to that which is now relevant.

Accordingly, Defendant has leave until July 15, 2005 to file a submission relevant to my concerns.  The Government shall respond by July 29, 2005.  Upon receipt of the parties' submissions, the court will schedule a further hearing on the issues relevant to 18 U.S.C. § 3553(a) as required by Booker/Fan-Fan, Crosby, and Fagans.

In addition, for the reasons previously stated when Defendant sought bail and I ruled that he had not satisfied 18 U.S.C. § 3143(b), bail pending appeal is denied.

Lastly, Defendant asks me to recuse myself because I excised sua sponte two passages from the Presentence Report that related to a purported stereotype about whether persons of Jewish origin accept checks, and whether or not Ness believed as such. Tr. of Feb. 13, 2004 Sentencing, at 17, 22-23.  The statute governing the recusal of a federal judge for bias or prejudice is 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," id. § 455(a), and additionally, that "[h]e shall also disqualify himself…[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," id. § 455(b)(1).  The Supreme Court has held that "judicial rulings and judicial remarks during the course of a trial that are disapproving of, or even

3

hostile to, counsel, the parties, or their cases do not support a claim of bias or partiality unless they reveal 'such a high degree of favoritism or antagonism as to make fair judgment impossible.'" Francolino v. Kuhlman, 365 F.3d 137, 143 (2d Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). There can be no serious argument that my modification of the Presentence Report met the demanding standard for recusal set forth in Liteky. See Francolino, 365 F.3d at 143. Nor can there be any serious argument that I was, or am, biased in any way against Mr. Ness. For these reasons, Defendant's motion is denied.

SO ORDERED.

Dated: New York, New York
June 30, 2005

ALVIN K. HELLERSTEIN
United States District Judge